Dear Ms. Stringer:
This office is in receipt of your opinion request regarding the Jonesboro Ordinance No. 544, which has established a service charge against landlords who knowingly maintain alleged nuisances. As we best understand, your sole inquiry is whether amending the language of the ordinance would produce any significant legal issues; more specifically, the legal ramifications of changing the word "conviction" to "citation."
The Fourteenth Amendment of the United States Constitution, as well as Article I, Section 2 of the Louisiana Constitution of 1974, commands that no person shall be deprived of life, liberty, or property except by due process of law. LSA-Const. Art. 1, § 2. Further, La.Const. Art. I,§ 16 provides that every person charged with a crime is presumedinnocent until proven guilty and is entitled to a speedy, public, andimpartial trial. State v. Hopkins, 39,730 (La.App. 2 Cir. 8/17/05), 908 So. 2d 1265.
Essentially, the proposed amendment to the municipal ordinance would impose a service charge upon property owners of a "Nuisance Residence" whose tenant is merely "cited" (as opposed to "convicted") of a criminal violation. Thus, if the municipal ordinance contained the word "citation" instead of "conviction," the due process rights of both landlords and tenants would be violated.
Therefore, it is the opinion of this office that the proposed amendment to *Page 2 
the municipal ordinance would, in effect, invalidate the ordinance due to both federal and state constitutional requirements. If there are any further questions on this matter, please do not hesitate to call.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY:__________________________
 F. STANTON HARDEE, III
 ASSISTANT ATTORNEY GENERAL
 FSH, III/mm/jy